**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHONGMIN GE,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos.   06-74522
07-70182

Agency No. A095-881-145

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

In these consolidated petitions for review, Chongmin Ge, a native and

citizen of China, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision

denying her application for asylum and withholding of removal (No. 06-74522),

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and the BIA's denial of her motion to reopen (No. 07-70182). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009), and for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We grant the petition for review in No. 06-74522, and remand. We dismiss the petition for review in No. 07-70182.

Because Ge submitted documentation of her identity, her failure to present an original passport does not support an adverse credibility determination, *Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir. 2002), and Ge provided a reasonable explanation for her failure to provide an original passport, *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009). In addition, the IJ engaged in improper speculation and conjecture regarding Ge's knowledge and practice of Christianity, and whether Ge should have attended church in Russia. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir. 2000). And, although the IJ found that Ge's testimony appeared rehearsed, the IJ did not specifically and cogently refer to any non-verbal aspect of Ge's demeanor. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003). Further, any inconsistencies regarding the arrest warrant, or between Ge's testimony and Pastor Hung's testimony, were minor and did not relate to the heart of Ge's claim of persecution. *See Li*, 559 F.3d at 1104. Finally,

because none of the IJ's adverse credibility findings are supported, Ge was not required to provide corroboration. *See Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004). Thus, the IJ's adverse credibility determination is not supported by substantial evidence. *See Li*, 559 F.3d at 1103-07.

Accordingly, we grant the petition for review in No. 06-74522 and remand Ge's asylum and withholding of removal claims to the BIA on an open record for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also Soto-Olarte*, 555 F.3d at 1093-96 (9th Cir. 2009). In light of our disposition, we need not reach Ge's challenge to the BIA's denial of her motion to reopen or her due process contention, and we dismiss the petition for review in No. 07-70182. On remand, the agency shall review all issues the parties have raised, including the evidence submitted with Ge's motion to reopen.

**No. 06-74522: PETITION FOR REVIEW GRANTED; REMANDED.**

**No. 07-70182: PETITION FOR REVIEW DISMISSED.**